10-4328 (L)
*Gao v. Sessions*

BIA
A095 710 413

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11ᵗʰ day of July, two thousand eighteen.

PRESENT:
> JOSÉ A. CABRANES,
> ROSEMARY S. POOLER,
> CHRISTOPHER F. DRONEY,
> *Circuit Judges.*

_____

MEI MI GAO,
> *Petitioner,*

v.                                                      10-4328 (L),
                                                        16-3314 (Con)
                                                        NAC
JEFFERSON B. SESSIONS, III,
UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          Gary J. Yerman, New York, NY.

FOR RESPONDENT:          Chad A. Readler, Acting Assistant
                         Attorney General; Jeffery R.
                         Leist, Senior Litigation Counsel;
                         Craig A. Newell, Jr., Trial
                         Attorney Office of Immigration

Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of these petitions for review of decisions of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petitions for review are DENIED.

Petitioner Mei Mi Gao, a native and citizen of the People's Republic of China, seeks review of August 31, 2016, and September 30, 2010, decisions of the BIA denying her motions to reopen her removal proceedings to apply for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Mei Mi Gao,* No. A095 710 413 (B.I.A. Aug. 31, 2016, Sept. 30, 2010). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed the BIA's denial of Gao's motions to reopen for abuse of discretion, and the BIA's factual findings regarding country conditions under the substantial evidence standard. *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168-69 (2d Cir. 2008); *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006).

2

It is undisputed that both of Gao's 2010 and 2016 motions to reopen were untimely, and that her second motion was number barred. *See* 8 U.S.C. § 1229a(c)(7)(A), (C)(i); 8 C.F.R. § 1003.2(c)(2). Although these limitations do not apply to motions to reopen in order to seek asylum "based on changed country conditions" since the time of the original hearing, 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii), the BIA reasonably concluded that Gao did not establish any material change in conditions in China.

**I.   2010 Motion to Reopen**

The BIA correctly held that the birth of Gao's son in 2010 was a change in personal circumstances, not a change in country conditions that could excuse the time limitation on her motion to reopen. *See Wei Guang Wang v. Bd. of Immigration Appeals*, 437 F.3d 270, 273-74 (2d Cir. 2006). Gao's motion did not allege any change in China's family planning policy or provide country conditions evidence from either 2007 or 2010. Given this lack of evidence, the BIA did not abuse its discretion in denying Gao's 2010 motion.

3

## II. 2016 Motion to Reopen

Like the birth of her son, Gao's conversion to Christianity in 2015 was a change in personal circumstances. *See Wei Guang Wang*, 437 F.3d at 273-74. While Gao asserted that China's treatment of Christians had materially worsened since 2007, the BIA considered the evidence Gao submitted and reasonably determined that China's harassment of Christians who attend underground churches was a "longstanding concern" that existed at the time of Gao's 2007 merits hearing and that Gao's evidence did not show a material change in conditions for Christians. *See In re S-Y-G-*, 24 I. & N. Dec. 247, 253 (B.I.A. 2007) ("In determining whether evidence accompanying a motion to reopen demonstrates a material change in country conditions that would justify reopening, [the agency] compare[s] the evidence of country conditions submitted with the motion to those that existed at the time of the merits hearing below."). As the BIA concluded, Gao's evidence showed a continuation of former conditions. Gao pointed out that the Chinese government has exerted strict ideological control over state-sanctioned religious groups since 1998. Certified Administrative Record ("CAR") at 57.

She cited "new" regulations over religious affairs, but those regulations went into effect in 2004 and 2005, before her 2007 hearing, and "merely codif[ied] past practices." *Id.* at 14 (quoting 2006 State Dep't Report). She cited excerpts from State Department reports published between 2007 and 2015, attempting to show escalating mistreatment of Christians, but even these excerpts reference "continuing" mistreatment of Christians. *Id.* at 15 (2009 report that "the Government continued to strictly control religious practice . . . "), 16 (2010 report that "officials continued to scrutinize and . . . harass registered and unregistered religious and spiritual groups"), 21 (2013 report that "[r]eports continued to emerge . . . regarding state-sanctioned raids on house churches" and "[m]embers of house church congregations in particular remained subject to official harassment and mistreatment"), 22 (2015 report that "the government and Party continued to call on officials and religious groups to ensure that religious doctrine and practices adhered to government policy and Party goals").

Gao argues that the BIA ignored the reports' descriptions of deteriorating conditions for Christians; but she does not

5

point to any specific evidence that was overlooked. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 336 n.17 (2d Cir. 2006) ("[W]e presume that the agency has taken into account all of the evidence before [it], unless the record compellingly suggests otherwise."); *Wei Guang Wang*, 437 F.3d at 275 (holding that BIA need not "expressly parse or refute on the record each . . . piece of evidence offered by the petitioner." (quotation marks omitted)). She also argues that the BIA should have taken administrative notice of the 2006 State Department report, but it was her burden to submit evidence establishing that country conditions have changed. *See* 8 U.S.C. § 1229a(7)(B); *Yuen Jin v. Mukasey,* 538 F.3d 143, 151-52, 160 (2d Cir. 2008).

Given Gao's failure to establish a material change in country conditions, the BIA did not abuse its discretion in denying her motions to reopen as untimely and number barred. *See* 8 U.S.C. § 1229a(c)(7)(A), (C); 8 C.F.R. § 1003.2(c)(2). Because the BIA's time and number rulings are dispositive, we do not reach the BIA's alternative holding regarding Gao's prima facie eligibility for asylum. *INS v. Bagamasbad*, 429 U.S. 24, 25 (1976).

6

For the foregoing reasons, the petitions for review are DENIED. As we have completed our review, Gao's stay motion is DISMISSED as moot. Any pending request for oral argument in these petitions is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court